HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PUGET SOUND ELECTRICAL
WORKERS HEALTH AND
WELFARE TRUST, et al.,

  Plaintiffs,

  v.

LIGHTHOUSE ELECTRICAL
GROUP, et al.

  Defendants.

CASE NO. C12-276 RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on a motion for summary judgment by plaintiffs Puget Sound Electrical Workers Healthcare Trust, Puget Sound Electrical Workers Pension Trust, Puget Sound Electrical Joint Apprenticeship & Training Trust, and National Electrical Benefit Fund (the "Trust Funds" or "plaintiffs").  Dkt. # 26. Plaintiffs move for entry of summary judgment against defendant Travelers Casualty and Surety Company of America ("Travelers") and seek to foreclose upon certain bond and retainage funds under RCW 39.08 and RCW 60.28.[1]  Travelers filed an opposition, and,

---

[1] RCW 39.08 requires contractors to retain a payment bond on public works projects. RCW 60.28 governs the retainage and foreclosure actions on liens.

ORDER- 1

in the same document, purported to file a cross-motion to dismiss. However, under this District's Local Civil Rules ("LCR"), a party filing a cross motion must note it in accordance with the local rules. LCR 7(k). Dispositive motions must be noted on the fourth Friday after filing. LCR 7(d)(3). Traveler's cross motion to dismiss was filed on May 20, 2013, and was noted for May 24, 2013. Dkt. # 32. Accordingly, the court DENIES Traveler's purported cross-motion to dismiss without prejudice as procedurally improper.[2] Additionally, Travelers has not challenged the merits of plaintiffs' lien claims, but, rather, has asserted defenses of res judicata and compulsory counterclaim in response to plaintiffs' motion for summary judgment. Accordingly, the court only addresses these arguments below.

## II. BACKGROUND

This case arises out of a construction project at Seattle Central Community College ("SCCC Project"). Dkt. # 28 (Maxwell Decl.) ¶ 2. Jody Miller Construction ("JMC") was the general contractor, and Lighthouse Electrical Group Limited Partnership ("Lighthouse") was the subcontractor from April 25, 2010 through January 8, 2012. *Id.* Travelers, as surety, issued a Payment and Performance Bond to JMC to cover the SCCC Project. *Id.* ¶ 12, Ex. 13. Lighthouse was a party to labor and trust agreements that required payment of contractual contributions to the Trust Funds. *See* Dkt. # 27 (Kirkpatrick Decl.) ¶¶ 7-12, Exs. 1-10. However, Lighthouse failed to pay the contributions as required by contract, entitling the Trust Fund to the unpaid fringe benefit contributions, liquidated damages, and accrued prejudgment interest. *Id.*

In January 2012, plaintiffs filed a Notice of Claim of Lien against the State of Washington as project owner, Travelers as surety, and JMC as general contractor. Dkt. # 28 (Maxwell Decl.) ¶ 2. Plaintiffs filed this action in February 2012 against Lighthouse

---

[2] Accordingly, the court has disregarded defendant Jody Miller Construction, Inc.'s joinder in the purported cross motion.

and Lighthouse Electrical, Inc. alleging claims under the Employee Retirement Income Security Act ("ERISA") and the Labor Management Relations Act ("LMRA"). *Id.* ¶ 3: Dkt. # 1. On March 2, 2012, plaintiffs filed a Second Notice of Claim of Lien, which revised the amounts claimed under by the Trust Funds for the work Lighthouse performed on the SCCC Project. Dkt. # 28 at 46 (Maxwell Decl.) ¶ 4, Ex. 15. On March 5, 2012, Columbia State Bank, which is purportedly Lighthouse's largest creditor, initiated a state court receivership in King County Superior Court against Lighthouse and its general partner. *Id.* ¶ 5. Plaintiffs did not participate in that action. *Id.*

On May 5, 2012, plaintiffs filed a separate action in this court against JMC and Travelers seeking to foreclose lien claims under RCW 39.08 and 60.28. *Puget Sound Elec. Workers Health & Welfare Trust v. Travelers Cas. & Sur. Co. of Am.*, Case No. C12-789RAJ, Dkt. # 1. Plaintiffs alleged that the court had supplemental jurisdiction over that action based on this separate case. *Id.* ¶ 2.1. On January 9, 2013, this court disagreed, held that the court lacked subject matter jurisdiction, and dismissed that action. Case No. 12-789, Dkt. # 25. On January 11, 2013, Travelers filed a complaint for declaratory relief against the Trust Funds in King County Superior Court. Dkt. # 28 at 56 (Ex. 16 to Maxwell Decl.). In that case, Travelers sought a declaration that any rights of the Trust Funds to pursue claims against Travelers' RCW 39.08 and RCW 60.28 payment and retainage bonds are preempted by ERISA. *Id.* at 62 (Ex. 16). On January 14, 2013, in this case, the Trust Funds moved the court to amend the complaint to add its state law claims against JMC and Travelers, and the court granted the motion on March 22, 2013. Dkt. ## 15, 18. The Trust Funds filed the amended complaint on April 3, 2013 (Dkt. # 19), served JMC with the summons and complaint on April 4 (Dkt. # 24), and served Travelers with the summons and complaint on April 5 (Dkt. # 23).

Plaintiffs filed the pending motion for summary judgment against Travelers on April 26, 2013. Dkt. # 26. On May 7, 2013, the Honorable Mary I. Yu granted Travelers' motion for judgment on the pleadings in the King County case, finding that the

lien claims of the Trust Funds under RCW 39.04 and 60.28 against Travelers and its payment and performance bonds are barred by 29 U.S.C. § 1144 and the Washington Supreme Court. Dkt. # 33-1 at 2-3 (Ex. A to Blischke Decl.). On June 10, 2013, Judge Yu denied the Trust Funds' motion for reconsideration. Dkt. # 41.

### III. ANALYSIS

**A. Legal Standard**

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail by either (1) producing evidence negating an essential element of the nonmoving party's claim or defense or (2) showing that the nonmoving party does not have enough evidence of an essential element to carry its burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. LTD v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102, 1104, 1106 (9th Cir. 2000); *see Celotex Corp.*, 477 U.S. at 325 ("the burden on the moving party may be discharged by 'showing' –that is, pointing out to the district court –that there is an absence of evidence to support the nonmoving party's case."). If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

As a preliminary matter, the court notes that Travelers (the nonmoving party) will bear the burden of proof on its defenses of res judicata and compulsory counterclaim. *Celotex Corp.*, 477 U.S. at 325. Accordingly, the Trust Funds can prevail either by producing evidence negating an essential element of the defenses or by showing that there is an absence of evidence to support these defenses. *Nissan Fire*, 210 F.3d at 1102, 1104, 1106.

**B. Res Judicata**

"Whether a prior state court judgment precludes relitigation of an identical claim in federal court depends on the preclusion rules of the state." *Gupta v. Thai Airways Intern., Ltd.*, 487 F.3d 759, 765 (9th Cir. 2007). "This principle results from the statutory command in 28 U.S.C. § 1738 that 'judicial proceedings … shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State from which they are taken.'" *Id.* "'This statute has long been understood to encompass the doctrine of res judicata, or claim preclusion, and collateral estoppel, or issue preclusion.'" *Id.*

Under Washington law, a prior judgment will bar litigation of a subsequent claim if the prior judgment has a concurrence of identity with the subsequent action in (1) subject matter, (2) cause of action, (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made. *Gold Star Resorts, Inc. v. Futurewise*, 167 Wash. 2d 723, 737, 222 P.3d 791 (Wash. 2009).

Plaintiffs only challenge two of these elements: (1) "the persons and parties are not identical"; and (2) "the subject matter of the superior court action is not entirely the same." Dkt. # 36 at 5. Accordingly, these are the only two arguments the court will address.

The undisputed facts demonstrate that Travelers and the Trust Funds are parties in both the King County action and this case. Dkt. # 33-1 at 2 (Ex. A to Blischke Decl.). It is also undisputed that there are additional defendants in this case (Lighthouse,

Lighthouse Electrical, Inc., State of Washington, and JMC). However, the parties have not directed the court to, and the court is not aware of, any legal authority that prohibits a finding of the "same parties" element where there are additional parties in one case, but not the other. Accordingly, the court finds that plaintiffs have not met their initial burden to demonstrate an absence of proof on the "same parties" element.

With respect to subject matter, courts generally focus on the asserted theory of recovery rather than simply the facts underlying the dispute. *Marshall v. Thurston County*, 165 Wash. App. 346, 353, 267 P.3d 491 (Wash. App. 2011). Here, the undisputed facts demonstrate that the subject matter of both lawsuits between the Trust Funds and Travelers involve plaintiffs' lien claims against Travelers under RCW 39.04 and 60.28. The parties have not directed the court to, and the court is unaware of, any legal authority that prevents a finding of same subject matter as to one theory of liability where additional legal theories exist against other parties. Accordingly, the court finds that plaintiffs have not met their initial burden to demonstrate an absence of proof on the "subject matter" element.

Having addressed the only arguments raised by plaintiffs with respect to res judicata, the court finds that plaintiffs have not met their initial burden on summary judgment.

**C. Compulsory Counterclaim**

Whether the Trust Funds' state law claims against Travelers are barred as compulsory counterclaims from the prior state action is a question of state law. *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987). Washington's compulsory counterclaim rule is identical to Rule 13(a) in all material respects for purposes of this analysis. *Cf.* Fed. R. Civ. Proc. 13(a) *with* Wash. Superior Ct. Civ. R. ("CR") 13(a). CR 13(a) requires a party to assert its compulsory counterclaims, those claims that arise out of the same transaction or occurrence that is the subject matter of the opposing party's claim, or those claims are forever barred. *Atlas Supply, Inc. v. Realm,*

*Inc.*, 170 Wash. App. 234, 238, 287, P.3d 606 (Wash. App. 2012). However, CR 13(a) excuses a defendant from asserting an otherwise compulsory counterclaim if "at the time the action was commenced the claim was the subject of another pending action[.]" CR 13(a).

This action originally did not contain the state law claims against Travelers. Rather, plaintiffs had maintained a separate action against Travelers with the state law claims. Case No. C12-789RAJ. However, on January 9, 2013, this court dismissed that action for lack of subject matter jurisdiction.[3] Case No. 12-789, Dkt. # 25. On January 11, 2013, Travelers commenced its King County action for declaratory relief against the Trust Funds. Dkt. # 28 at 56 (Ex. 16 to Maxwell Decl.). On January 14, 2013, the Trust Funds moved the court to amend the complaint to add its state law claims against JMC and Travelers, and the court granted the motion on March 22, 2013. Dkt. ## 15, 18. The Trust Funds filed the amended complaint on April 3, 2013 (Dkt. # 19), served JMC with the summons and complaint on April 4 (Dkt. # 24), and served Travelers with the summons and complaint on April 5 (Dkt. # 23).

Accordingly, at the moment that the King County case commenced on January 11, there was no pending action regarding the subject matter of the lien claims under state law against Travelers.[4] Nevertheless, an amendment changing a party "relates back" to the original date of the pleading when the "amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—

---

[3] In their opposition to Travelers' and JMC's motion to dismiss for lack of subject matter jurisdiction, the Trust Funds indicated that if the court were to dismiss their state law claims, they would simply move to amend the complaint in this action to add the state law claims against Travelers and JMC. Case No. C12-789RAJ, Dkt. # 12 at 25 (Opp'n at 21).

[4] The court recognizes that the legal issues raised in *Carpenters Health & Security Trust of W. Wash. v. Paramount Scaffold, Inc.*, Case No. 12-1252RSM, 2013 WL 392717 (W.D. Wash. Jan. 31, 2013) is similar to this case. Nevertheless, the court believes the factual distinctions between the cases, and the fact that the court is only addressing plaintiff's motion for summary judgment here, results in different conclusions.

in the original pleading" and (1) the party is not prejudiced in defending the merits, and (2) the party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. Proc. 15(c)(1)(C).[5]  Plaintiffs argue that the relation back doctrine applies without citing any standard.  Indeed, plaintiffs have failed to provide any evidence, or direct the court to the absence of any evidence, regarding the last prong; that Travelers knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.[6]  Rather, the record before the court indicates that the Trust Funds knew the identity of Travelers and about the state law lien claims it had against Travelers, but simply brought those claims in a separate action.

On the record before the court at this time, the court finds that plaintiff has not met its initial burden on summary judgment to negate an essential element of Travelers' defense of compulsory counterclaim or show that there is an absence of evidence to support the defense of compulsory counterclaim.

## IV. CONCLUSION

For all the foregoing reasons, the court DENIES plaintiffs' motion for summary judgment against Travelers. Dkt. # 26.

Dated this 15th day of October, 2013.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

---

[5] The court notes that Washington's relation back rule is identical in all material respects. CR 15(c).

[6] The court has not addressed the other prongs of the relation back rule because the last prong is dispositive.