1

HONORABLE RICHARD A. JONES

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

PUGET SOUND ELECTRICAL
WORKERS HEALTH AND
WELFARE TRUST, et al.,

CASE NO. C12-276 RAJ

ORDER

13

Plaintiffs,

v.

14

15

LIGHTHOUSE ELECTRICAL
GROUP, et al.

16

17

Defendants.

18

19

**I. INTRODUCTION**

20

21

22

23

24

25

26

27

This matter comes before the court on a motion to dismiss by defendant Travelers Casualty and Surety Company of America ("Travelers") and Jody Miller Construction, Inc. ("JMC") (collectively, "defendants"). Dkt. # 47. Plaintiffs Puget Sound Electrical Workers Healthcare Trust, Puget Sound Electrical Workers Pension Trust, Puget Sound Electrical Joint Apprenticeship & Training Trust, and National Electrical Benefit Fund (the "Trust Funds" or "plaintiffs") oppose, largely arguing that the issues raised by defendants are not appropriate for a motion to dismiss, but rather, require an analysis on the merits for summary judgment. Dkt. # 50. Plaintiffs are largely mistaken. It is well

ORDER- 1

1 │ established that the court generally may not consider material beyond the pleadings in

2 │ ruling on a motion to dismiss.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.

3 │ 2001).  However, where documents are referenced extensively in the complaint, form the

4 │ basis of plaintiffs' claim, or are subject to judicial notice, the court may consider those

5 │ documents in the context of a motion to dismiss.  *United States v. Ritchie*, 342 F.3d 903,

6 │ 908-09 (9th Cir. 2003).  The court may take judicial notice of facts that are not

7 │ reasonably subject to dispute because it is generally known within the trial court's

8 │ territorial jurisdiction or can be accurately and readily determined from sources whose

9 │ accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  Documents that are

10 │ filed with the courts and are a matter of public record are exactly such facts that are

11 │ subject to judicial notice.  The court notes that the truth of factual matters asserted

12 │ therein, however, are not properly subject to judicial notice.  The court has addressed

13 │ individual documents and facts below, where appropriate.

14 │                                    **II. BACKGROUND**

15 │        The claims against JMC and Travelers arise out of a construction project at Seattle

16 │ Central Community College ("SCCC Project").  Dkt. # 19 (Am. Compl.) ¶¶ 3.52-3.58.

17 │ JMC was the general contractor, and Lighthouse Electrical Group Limited Partnership

18 │ ("Lighthouse") was the subcontractor from April 2010 through January 2012.  *Id.* ¶ 3.52.

19 │ Travelers, as surety, issued a Payment and Performance Bond to JMC to cover the SCCC

20 │ Project.  *Id.* ¶ 3.54.  Lighthouse was a party to labor and trust agreements that required

21 │ payment of contractual contributions to the Trust Funds.  *Id.* ¶¶ 3.2-3.40.  However,

22 │ Lighthouse failed to pay the contributions as required by contract, entitling the Trust

23 │ Fund to the unpaid fringe benefit contributions, liquidated damages, and accrued

24 │ prejudgment interest.  *Id.* ¶¶ 3.41-3.42

25 │        In January 2012, plaintiffs filed a Notice of Claim of Lien against the State of

26 │ Washington as project owner, Travelers as surety, and JMC as general contractor.  *Id.* ¶

27 │ 3.55.  Plaintiffs filed this action in February 2012 against Lighthouse and Lighthouse

1  Electrical, Inc. alleging claims under the Employee Retirement Income Security Act

2  ("ERISA") and the Labor Management Relations Act ("LMRA").  Dkt. # 1.  On May 5,

3  2012, plaintiffs filed a separate action in this court against JMC and Travelers seeking to

4  foreclose lien claims under RCW 39.08 and 60.28.  *Puget Sound Elec. Workers Health &*

5  *Welfare Trust v. Travelers Cas. & Sur. Co. of Am.*, Case No. C12-789RAJ, Dkt. # 1.

6  Plaintiffs alleged that the court had supplemental jurisdiction over that action based on

7  this separate case.  *Id.* ¶ 2.1.  On January 9, 2013, this court disagreed, held that the court

8  lacked subject matter jurisdiction, and dismissed that action.  Case No. 12-789RAJ, Dkt.

9  # 25.  On January 11, 2013, Travelers filed a complaint for declaratory relief against the

10  Trust Funds in King County Superior Court ("KCSC Case").[1]  Dkt. # 28 at 56-62 (Ex. 16

11  to Maxwell Decl.).  In that case, Travelers sought a declaration that any rights of the

12  Trust Funds to pursue claims against Travelers' RCW 39.08 and RCW 60.28 payment

13  and retainage bonds are preempted by ERISA.  *Id.* at 62.  On January 14, 2013, in this

14  case, the Trust Funds moved the court to amend the complaint to add its state law claims

15  against JMC and Travelers, and the court granted the motion on March 22, 2013.  Dkt. ##

16  15, 18.  The Trust Funds filed the amended complaint on April 3, 2013 (Dkt. # 19),

17  served JMC with the summons and complaint on April 4 (Dkt. # 24), and served

18  Travelers with the summons and complaint on April 5 (Dkt. # 23). In this action,

19  plaintiffs seek to foreclose upon certain bond and retainage funds under RCW 39.08 and

20  RCW 60.28.[2]  Dkt. # 19 (Am. Compl.) ¶¶ 4.8-4.14

21        On May 7, 2013, the Honorable Mary I. Yu granted Travelers' motion for

22  judgment on the pleadings in the KCSC Case, concluding that the lien claims of the Trust

23  Funds under RCW 39.04 and 60.28 against Travelers and its payment and performance

24  bonds are barred by 29 U.S.C. § 1144 and the Washington Supreme Court.  Dkt. # 33-1 at

25

26        [1] JMC was not a party to the KCSC Case.
        [2] RCW 39.08 requires contractors to retain a payment bond on public works projects.

27  RCW 60.28 governs the retainage and foreclosure actions on liens.

ORDER- 3

1  2-3 (Ex. A to Blischke Decl.).  On June 10, 2013, Judge Yu denied the Trust Funds'

2  motion for reconsideration.  Dkt. # 41, Ex. A.

3       This court previously denied plaintiffs' motion for summary judgment, finding

4  that plaintiffs failed to demonstrate the absence of any element in defendants' defenses of

5  res judicata and compulsory counterclaim.  Dkt. # 45.

6                              **III. ANALYSIS**

7  **A.  Legal Standard**

8       When considering a motion to dismiss for failure to state a claim under Federal

9  Rule of Civil Procedure 12(b)(6), "the court is to take all well-pleaded factual allegations

10 as true and to draw all reasonable inferences therefrom in favor of the plaintiff."  *Wyler*

11 *Summit P'ship v. Turner Broadcasting Sys., Inc.*, 135 F.3d 658, 663 (9th Cir. 1998).

12 However, the complaint must indicate more than mere speculation of a right to relief.

13 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[F]or a complaint to survive a

14 motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from

15 that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."

16 *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  "Threadbare recitals of

17 the elements of a cause of action, supported by mere conclusory statements, do not

18 suffice.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  Dismissal can be

19 based on the lack of a cognizable legal theory or the absence of sufficient facts alleged

20 under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

21 (9th Cir. 1990).

22 **B.  Res Judicata**

23      "Whether a prior state court judgment precludes relitigation of an identical claim

24 in federal court depends on the preclusion rules of the state."  *Gupta v. Thai Airways*

25 *Intern., Ltd.*, 487 F.3d 759, 765 (9th Cir. 2007).  "This principle results from the statutory

26 command in 28 U.S.C. § 1738 that 'judicial proceedings … shall have the same full faith

27 and credit in every court within the United States and its Territories and Possessions as

1  they have by law or usage in the courts of such State from which they are taken.'" *Id.*

2  "'This statute has long been understood to encompass the doctrine of res judicata, or

3  claim preclusion, and collateral estoppel, or issue preclusion.'" *Id.*

4        Under Washington law, a prior judgment will bar litigation of a subsequent claim

5  if the prior judgment has a concurrence of identity with the subsequent action in (1)

6  subject matter, (2) cause of action, (3) persons and parties, and (4) the quality of the

7  persons for or against whom the claim is made. *Gold Star Resorts, Inc. v. Futurewise*,

8  167 Wash. 2d 723, 737, 222 P.3d 791 (Wash. 2009).  With respect to subject matter,

9  courts generally focus on the asserted theory of recovery rather than simply the facts

10  underlying the dispute. *Marshall v. Thurston County*, 165 Wash. App. 346, 353, 267

11  P.3d 491 (Wash. App. 2011).

12        A review of the complaints in both matters demonstrates that all the requirements

13  for res judicata have been met. Judge Yu's order[3] granting Travelers' motion for

14  judgment on the pleadings in the KCSC Case "is equivalent to a final judgment on the

15  merits and a valid basis for applying res judicata." *Carpenters Health & Sec. Trust of*

16  *West. Wash. v. Paramount Scaffold, Inc.*, Case No. C12-1252RSM, 2013 WL 392717, *3

17  (W.D. Wash. Jan. 31, 2013); *see also Nielson v. Spanaway Gen. Med. Clinic, Inc.*, 135

18  Wash. 2d 255, 264, 956 P.2d 312 (Wash. 1998) ("an appeal does not suspend or negate

19  the res judicata or collateral estoppel aspects of a judgment entered after trial in the

20  superior courts."); *Lejeune v. Clallam*, 64 Wash. App. 257, 266, 823 P.2d 1144 (Wash.

21  App. 1992) ("judgment . . . becomes final for res judicata purposes at the beginning, not

22  the end, of the appellate process, although res judicata can still be defeated by later

23  rulings on appeal.").  The subject matter of both lawsuits between the Trust Funds and

24  Travelers involve plaintiffs' lien claims against Travelers under RCW 39.04 and 60.28.

25

26

     [3] The court may properly take judicial notice of Judge Yu's order and the KCSC

27  Complaint.

ORDER- 5

1   Dkt. # 19 (Am. Compl.) ¶¶ 3.53-3.58, 4.8-4.14; # 28 at 56-62 (KCSC Compl. ¶¶ 7-8, 13-

2   17).  The cases allege essentially the same causes of action addressing whether plaintiffs

3   could foreclose on the lien and retainage bond pursuant to RCW 39.08 and 60.28.  Dkt. #

4   19 (Am. Compl.) ¶¶ 4.8-4.14 (seeking to foreclose the lien and retainage bond pursuant

5   to RCW 39.08 and 60.28); # 28 at 56-62 (KCSC Compl. ¶¶ 25-26, at 7 ¶¶ 1-2 (seeking to

6   prevent foreclosure on the lien and retainage bond by alleging that RCW 39.08 and 60.28

7   are preempted by ERISA).  Finally, Travelers and the Trust Funds are parties with the

8   same interests in both cases, and are both bound by Judge Yu's orders.  Dkt. # 19 (Am.

9   Compl.) ¶¶ 1.1-1.4, 1.7; # 28 at 56-62 (KCSC Compl. ¶¶ 1-5).  The fact that the case is

10  on appeal is irrelevant for purposes of determining whether res judicata applies.  *See*

11  *Nielson*, 135 Wash. 2d at 264 ("an appeal does not suspend or negate the res judicata or

12  collateral estoppel aspects of a judgment entered after trial in the superior courts.").

13          The court notes that Judge Yu relied on *Int'l Brotherhood of Elec. Workers v. Trig*

14  *Elec. Constr. Co.*, 142 Wash. 2d 431, 13 P.3d 622 (Wash. 2000) in granting Travelers'

15  motion for judgment on the pleadings.  However, the Washington Supreme Court

16  recently abrogated *Trig Electric*.  *See W.G. Clark Const. Co. v. Pac. N.W. Regional*

17  *Council of Carpenters*, __ P.3d __, 2014 WL 1098013 (Wash. March 20, 2014)

18  (reversing *Trig Electric Construction* and holding that ERISA does not preempt statutes

19  like RCW 39.08 and 60.28).  Regardless, the court has received no indication that Judge

20  Yu's judgment has been vacated.  Accordingly, the state court judgment is considered a

21  "final judgment" for purposes of res judicata.  *See Nielson*, 135 Wash. 2d at 263-64

22  ("Although the Nielsons and the United States reached a compromise settlement during

23  the pendency of an appeal, the underlying judgment in the amount of $3.3 million is the

24  judgment that the state trial court considered the 'final judgment' for purposes of

25  applying the doctrine of collateral estoppel. . . . We hold the judgment entered in the

26  federal district court, determining that $3.3 million was the amount that would fully

27

ORDER- 6

1  compensate the Nielsons for their injuries, is a final judgment on the merits for purposes

2  of applying the doctrine of collateral estoppel.").

3         Accordingly, res judicata is proper as to plaintiffs' third and fourth causes of

4  action against Travelers.  Dkt. # 19 (Am. Compl.) ¶¶ 4.8-4.14.

5  **C.  Compulsory Counterclaim**

6         Whether the Trust Funds' state law claims against JMC are barred as compulsory

7  counterclaims from the prior state action is a question of state law.  *Pochiro v. Prudential*

8  *Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987).  Washington's compulsory

9  counterclaim rule is identical to Rule 13(a) in all material respects for purposes of this

10 analysis.  *Cf.* Fed. R. Civ. Proc. 13(a) *with* Wash. Superior Ct. Civ. R. ("CR") 13(a).  CR

11 13(a) requires a party to assert its compulsory counterclaims, those claims that arise out

12 of the same transaction or occurrence that is the subject matter of the opposing party's

13 claim, or those claims are forever barred.  *Atlas Supply, Inc. v. Realm, Inc.*, 170 Wash.

14 App. 234, 238, 287, P.3d 606 (Wash. App. 2012).  However, CR 13(a) excuses a

15 defendant from asserting an otherwise compulsory counterclaim if "at the time the action

16 was commenced the claim was the subject of another pending action[.]"  CR 13(a).

17        This action originally did not contain the state law claims against JMC.  Rather,

18 plaintiffs had maintained a separate action against JMC with the state law claims.  Case

19 No. C12-789RAJ.  However, on January 9, 2013, this court dismissed that action for lack

20 of subject matter jurisdiction.  Case No. 12-789, Dkt. # 25.  On January 11, 2013,

21 Travelers commenced its KCSC Case for declaratory relief against the Trust Funds. Dkt.

22 # 28 at 56-62 (Ex. 16 to Maxwell Decl.).  However, JMC was not a party in the KCSC

23 Case.  Rule 13(a) only applies when "the pleader has [a claim] against an opposing party"

24 that arises out of the same transaction or occurrence that is the subject matter of the

25 "opposing party's claim" and does not require adding another party over whom the court

26 cannot acquire jurisdiction.  Fed. R. Civ. Proc. 13(a)(1); *see* Wash. Civ. R. 13(a).  Since

27

1   JMC was not an "opposing party" in the KCSC Case, the Trust Funds were not required

2   to assert any claims against that non-party.

3          Accordingly, the compulsory counterclaim rule is inapplicable to JMC.[4]

4   **D.  Supplemental Jurisdiction**

5          "[I]n any civil action of which the district courts have original jurisdiction, the

6   district courts shall have supplemental jurisdiction over all other claims that are so related

7   to claims in the action within such original jurisdiction that they form part of the same

8   case or controversy under Article III of the United States Constitution."  28 U.S.C. §

9   1367(a).  "The district courts may decline to exercise supplemental jurisdiction over a

10  claim" if (1) the claim raises a novel or complex issue of State law, (2) the claim

11  substantially predominates over the claim or claims over which the district court has

12  original jurisdiction, (3) the district court has dismissed all claims over which it has

13  original jurisdiction, (4) in exceptional circumstances, there are other compelling reasons

14  for declining jurisdiction.  *Id.* § 1367(c).

15         JMC relies on a number of facts that are not subject to judicial notice in arguing

16  that the court should decline supplemental jurisdiction.  This court has original

17  jurisdiction over plaintiffs' ERISA claims against the Lighthouse defendants, regardless

18  of whether they are "defunct."  The court has supplemental jurisdiction over the state lien

19  foreclosure claims because they arise out of the same set of facts surrounding the

20  employer's failure to make the required payments to the union's trust that is actionable

21  under ERISA.  The fact that the Washington Supreme Court has now held that ERISA

22  does not preempt statutes like RCW 39.08 and 60.28 means that, even if the court did not

23  retain supplemental jurisdiction, Plaintiffs would be able to pursue this matter in state

24  court.  *W.G. Clark*, 2014 WL 1098013.

25

26

          [4] The court notes that the compulsory counterclaim rule applies to Travelers, and is
27  another basis for properly granting Travelers' motion to dismiss.

ORDER- 8

1      Nevertheless, the court exercises its discretion to retain supplemental jurisdiction

2   over plaintiffs' state law claims against JMC.

3   **E.  12(b)(6)[5]**

4      Defendants rely on the payment bond to argue that plaintiffs failed to file suit

5   within one year as required by the contract limitations period in the payment bond.  Dkt.

6   # 47 at 17.  Plaintiffs misconstrue defendants' argument in arguing that the four-month

7   period identified in RCW 60.28 is not a statute of limitations.  Dkt. # 50 at 12.

8   Defendants have not challenged the four-month statutory restriction.  Plaintiffs offer no

9   argument against the one-year contractual limitations provision, aside from plaintiffs'

10  general argument regarding documents that are outside of the complaint.

11     The Amended Complaint relies predominantly on the Performance Bond as the

12  basis for the claims against JMC and Travelers.  Dkt. # 19 (Am. Compl.) ¶ 3.53, 3.54,

13  3.57.  Plaintiffs attached the Payment and Performance Bond as an exhibit in support of

14  their motion for summary judgment and in support of their opposition to the pending

15  motion to dismiss.  Dkt. # 28 at 32-33 (Ex. 13 to Maxwell Decl. iso Pls.' Summ. J. Mot.);

16  Dkt. # 51 at 6-7 (Ex. 1 to Maxwell Decl. iso Pls.' Opp'n).  Since plaintiffs rely on the

17  Performance Bond predominantly as the contractual basis for liability, and its accuracy is

18  not reasonably in dispute where plaintiffs themselves provided and relied on the

19  document, the court finds that it may properly consider the Performance Bond on this

20  motion to dismiss.  *See Ritchie*, 342 F.3d at 908.

21     Defendants argue that the performance bond requires the claimant to file a lawsuit

22  no later than one year from the date on which the claimant filed a notice of claim of lien.

23  Dkt. # 52 (Reply) at 13; *see also* Dkt. # 28 at 32-33 (Performance Bond, §§ 4.1, 11).

24  _____

25     [5] Even if the court did not find that the Trust Funds' claims against Travelers was barred

26  by res judicata and subject to the compulsory counterclaim rule, the court's Rule 12(b)(6)
    analysis applies equally to Travelers.  Accordingly, the court has referred to defendants Travelers

27  and JMC collectively.

1  Plaintiffs allege that the notice of claim of lien and amended notice were filed with

2  Washington State on January 6, 2012 and March 2, 2012, respectively.  Dkt. # 19 (Am.

3  Compl.) ¶ 3.55.  Plaintiffs amended their complaint to add JMC and Travelers as

4  defendants on April 3, 2013, more than a year after even the amended notice of claim.

5  Nevertheless, the relation-back rule would allow amendments to relate back to the date of

6  the original complaint, which was filed on February 16, 2012.  Plaintiffs have not

7  demonstrated that relation-back is appropriate here.  Rule 15(c) allows relation-back to

8  add a new party if that new party received such notice of the action and knew or should

9  have known that the action would have been brought against it, but for a mistake

10  concerning the proper party's identity.  Fed. R. Civ. Proc. 15(c)(1)(C); Wash. Civ. R.

11  15(c).

12      Plaintiffs have not alleged any facts that JMC or Travelers would have been

13  named as a party but for a mistake concerning the proper party's identity, nor could they

14  where there was no mistake as to the proper party's identity, given that plaintiffs filed a

15  separate action in May 2012 against Travelers and JMC alleging the same claims. *Puget*

16  *Sound Elec. Workers Health & Welfare Trust v. Travelers Cas. & Sur. Co. of Am.*, Case

17  No. C12-789RAJ, Dkt. # 1.  Even if relation-back was appropriate under Rule 15(c),

18  plaintiffs have not provided any arguments regarding the fact that this case was still filed

19  more than one year after the initial notice of lien claim was filed, on February 16, 2012,

20  or whether the contractual limitations provision applies to the amended notice of lien

21  claim.

22      Thus, the court finds that plaintiffs have failed to state a claim against JMC and

23  Travelers.

### IV. CONCLUSION

25      For all the foregoing reasons, the court GRANTS JMC's and Traveler's motion to

26  dismiss.

27

ORDER- 10

1

Dated this 3rd day of April, 2014.

2

3

The Honorable Richard A. Jones
United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER- 11