HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUND ELECTRICAL WORKERS HEALTH AND WELFARE TRUST, et al., | CASE NO. C12-276 RAJ |
| Plaintiffs, | ORDER |
| v. | |
| LIGHTHOUSE ELECTRICAL GROUP, et al., | |
| Defendants. | |

This matter comes before the court on a motion for attorney's fees pursuant to RCW 39.04.240 by defendants Travelers Casualty and Surety Company of America ("Travelers") and Jody Miller Construction, Inc. ("JMC") (collectively, "defendants"). Dkt. # 63.  Plaintiffs oppose the motion only on the basis that RCW 39.04.240 does not apply to the claims asserted in this action.  Dkt. # 68 at 3-8.

RCW 39.04.240 provides:

The provisions of RCW 4.84.250 through 4.84.280 shall apply to an action arising out of a public works contract in which the state or a municipality, or other public body that contracts for public works, is a party, except that:

(a) the maximum dollar limitation in RCW 4.84.250 shall not apply; and (b) in applying RCW 4.84.280, the time period for serving offers of settlement on the adverse party shall be the period not less than thirty days and not more than one hundred twenty days after completion of the service and filing of the summons and complaint.

RCW 39.04.240(1).[1]  RCW 4.84.250 provides that "in any action for damages . . . there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorney's fees."  RCW 4.84.284[2] addresses the timing of offers of settlement with respect to determining attorney's fees.

Thus, whether RCW 39.04.240 applies depends on whether this action arose out of a public works contract in which Washington State or other public body that contracts for public works is a party, and whether defendants are prevailing parties.

On April 3, 2013, plaintiffs amended their complaint to add Travelers, JMC, and the State of Washington[3] as defendants.  Dkt. # 19.  The lien and retainage bond claims against JMC and Travelers arise out of a construction project at Seattle Central Community College ("SCCC Project").  Dkt. # 19 (Am. Compl.) ¶¶ 3.52-3.58, 4.7-4.14. JMC was the general contractor, and Lighthouse Electrical Group Limited Partnership ("Lighthouse") was the subcontractor from April 2010 through January 2012.  *Id.* ¶ 3.52. JMC was required to provide and maintain a performance bond covering the project pursuant to RCW 39.08 et seq. and RCW 60.28.011.  *Id.* ¶ 3.53. Travelers, as surety,

---

[1] The court disagrees with plaintiff regarding whether the phrase "an action arising out of a public works contract" is ambiguous.  Washington courts have consistently held that the term "arising out of" is not ambiguous and means "originating from" or "flowing from."  *See e.g.*, *Everett v. Am. Empire Surplus Lines Ins. Co.*, 64 Wash. App. 83, 89, 823 P.2d 1112 (1991).

[2] "Offers of settlement shall be served on the adverse party in the manner prescribed by applicable court rules at least ten days prior to trial.  Offers of settlement shall not be served until thirty days after the completion of the service and filing of the summons and complaint.  Offers of settlement shall not be filed or communicated to the trier of the fact until after judgment, at which time a copy of said offer of settlement shall be filed for the purposes of determining attorneys' fees as set forth in RCW 4.84.250."  RCW 4.84.280.

[3] Washington State remained a party in this action until they were voluntarily dismissed by stipulation on November 13, 2013, after defendants had already filed their motion to dismiss that the court ultimately granted.  Dkt. # 48.

1  issued a Payment and Performance Bond to JMC to cover the SCCC Project pursuant to

2  RCW 39.08.010.  *Id.* ¶ 3.54.

3       However, a public works contract is a condition precedent to a lien or retainage

4  bond claim.  *See* RCW 39.08.010(1) (government and person performing work for

5  government must enter contract that requires person to obtain surety and to pay all

6  laborers, among other things) & 60.28.011(1) (public improvement contracts must

7  provide a contract retainage as a trust fund for protection and payment of claims arising

8  under contract).  Thus, any lien or retainage bond claims necessarily flow from the public

9  works contract.

10       Accordingly, the court finds that plaintiff's lien and retainage bond claims under

11  RCW 39.08.010 and 60.28.011 arise out of a public works contract.  *See Am. Safety Cas.*

12  *Ins. Co. v. Olympia*, 162 Wn. 2d 762, 773, 174 P.3d 54 (Wn. 2007) (awarding RCW

13  39.04.240 fees to the city as prevailing party in lawsuit brought by surety on performance

14  and payment bond as an assignee of the general contractor's rights under a public works

15  construction project).

16       Defendant also argues that there is no public agency party in this action.

17  However, plaintiffs named the State of Washington as a defendant in the amended

18  complaint, and only dismissed the State of Washington on November 5, 2013, after

19  defendants had already filed their motion to dismiss and incurred significant fees

20  defending this action.  Dkt. # 48.  The court believes that defendants are entitled to

21  reasonable fees incurred until November 5, 2013.  Since the State of Washington has not

22  been a party to this action since that date, defendants have not demonstrated that they are

23  entitled to attorney's fees beyond that date.  *See* RCW 39.04.240(1) (requiring "the state

24  or a municipality, or other public body that contracts for public works" to be a party in

25  the action to recover attorney's fees).

26       Plaintiff does not dispute that defendants were the prevailing party under RCW

27  RCW 4.84.250 or that the amount of attorney's fees requested is reasonable.  The court

1   has reviewed the billing records, and finds the amount requested through November 5,

2   2013 to be reasonable.  Accordingly, the court awards defendants $14,634.95 in

3   attorney's fees.

4          For all the foregoing reasons, the court GRANTS in part and DENIES in part

5   defendants' motion for attorney's fees.

6          Dated this 12th day of June, 2014.

7

8   _____

9   The Honorable Richard A. Jones
    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER- 4