1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PUGET SOUND ELECTRICAL
WORKERS HEALTHCARE TRUST,
et al.,

Plaintiffs,

v.

LIGHTHOUSE ELECTRICAL
GROUP LIMITED PARTNERSHIP,
et al.,

Defendants.

CASE NO. C12-276 RAJ

ORDER

19  This matter comes before the court on plaintiff's motion for default judgment
20 against defendants Lighthouse Electrical Group Limited Partnership and Lighthouse
21 Electrical, Inc.  Dkt. # 71.
22  The court's role in considering a motion for default judgment is not ministerial.
23 The court must accept all well-pleaded allegations of the complaint as established fact,
24 except facts related to the amount of damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826
25 F.2d 915, 917-18 (9th Cir. 1987).  Where those facts establish a defendant's liability, the
26 court has discretion, not an obligation, to enter a default judgment.  *Aldabe v. Aldabe*, 616
27

ORDER- 1

F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The plaintiff must provide evidence to support a claim for a particular sum of damages. *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B). Where the plaintiff cannot prove that the sum he seeks is "a liquidated sum or capable of mathematical calculation," the court must conduct a hearing or otherwise ensure that the damage award is appropriate. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

The court cannot grant default judgment because not all agreements provided to the court have been executed. Dkt. # 73-1 at 25, 73-2 at 64 (Exs. 4 & 7 to Maxwell Decl.). Additionally, this court has previously advised the parties of its expectations that they review and abide by all applicable rules, including the local civil rules with respect to courtesy copies. Dkt. # 38. On June 3, 2014, the court specifically ordered plaintiffs to provide a courtesy copy of its motion for default judgment and accompanying exhibits that complied with Local Civil Rule 10(e), which requires, among other things, that the exhibits be clearly marked and separated by divider pages and that "relevant portions of testimony or exhibits be clearly marked, such as by highlighting, bracketing, or underlining." Dkt. # 74 at 1. Although the exhibits to the Maxwell Declaration are now separated by divider pages, the relevant portions of the exhibits (that support the allegation that the four trust agreements assessed 10 percent liquidated damages, 12 percent interest on all delinquent contributions, and audit fees) have not been clearly marked as required by court order and the Local Civil Rules. The court will not hunt through the record to identify the relevant provisions. Finally, plaintiff has not provided any supporting evidence of the delinquent contributions and audit fees, or demonstrated that it is entitled to the audit fees. A declaration simply stating the amount of delinquent contributions and audit fees, without supporting evidence, is insufficient.

For all the foregoing reasons, the court DENIES plaintiffs' motion for default judgment. Plaintiffs may file a renewed motion for default judgment that addresses the

deficiencies identified above within fourteen days of this order.  Additionally, plaintiff's counsel is ORDERED to SHOW CAUSE why it should not be sanctioned $500.00 for violating this court's order and Local Civil Rule 10(e).  Counsel's response to the order to show cause shall be included in the renewed motion for default judgment.  If plaintiff does not file a renewed motion, counsel's response shall be due within fourteen days of this order.

Dated this 30th day of June, 2014.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge